IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD CHARLES MILLER,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 15-2958 |
| : | |
| **KENNETH CAMERON, et al.,** : | |
| Respondents. : | |
| : | |

# O R D E R

State prisoner Richard Miller has filed *pro se* objections to Magistrate Judge Reuter's recommendation that I deny habeas relief. (Doc. Nos. 15, 18); 28 U.S.C. § 2254(d). Petitioner objects to Judge Reuter's conclusion that the PCRA court was not unreasonable in rejecting his ineffectiveness claims. Petitioner also objects to Judge Reuter's determination that his allegation that PCRA counsel was ineffective is not cognizable. (Doc. No. 15); see 28 U.S.C. § 2254(i). Because I agree with Judge Reuter, I will overrule the Objections, adopt the Report & Recommendation, and deny the Petition.

## I. BACKGROUND

On August 10, 2011, a Lehigh Common Pleas Court jury convicted Petitioner of aggravated indecent assault, involuntary deviate sexual intercourse, and corruption of minors, arising from Petitioner's sexual assault of a thirteen year old boy inside Petitioner's home. (Doc. No. 15 at 1). On November 22, 2011, Petitioner was sentenced to 15-30 years imprisonment. At sentencing, Petitioner informed the Court that he did not wish to appeal the verdict or sentence. (Doc. No. 15 at 1, 13); (N.T., 11/22/11, at 30.) Petitioner did not appeal.

On October 29, 2012, Petitioner filed a *pro se* PCRA Petition, alleging that his trial counsel was ineffective for failing to appeal. The PCRA court appointed counsel, who filed

an amended petition adding an ineffectiveness claim respecting trial counsel's failure to cross examine a child-sexual abuse expert. (Doc. No. 15 at 2.) PCRA counsel raised only the cross-examination ineffectiveness claim at the hearing. On November 12, 2013, following a hearing, the PCRA court concluded that the ineffectiveness claim based on the cross-examination was meritless; it did not review trial counsel's failure to appeal "because it was not raised during the PCRA hearing." Commonwealth v. Miller, No. CP-39-CR-4344-2010, slip op. at 2 n.7 (C.P. Lehigh, Jan. 31, 2014); Pa. R. App. P. 302(a). On April 1, 2015, the Superior Court affirmed. Petitioner did not seek *allocatur*. (Doc. No. 15 at 2-3.)

Miller timely filed the instant *pro se* habeas Petition, alleging that his trial counsel should have: 1) appealed his verdict and sentence; and 2) cross-examined a prosecution witness about a clerical error on a sex-abuse evaluation form. He also alleges that his PCRA counsel was ineffective for: 1) allowing a witness to testify by telephone at the PCRA hearing and 2) failing to recover exculpatory video evidence. (Doc. No. 1.) Judge Reuter recommends I deny relief. (Doc. No. 15.) Petitioner objects to all Judge Reuter's recommendations. (Doc. No. 19.)

## II. LEGAL STANDARD

I must review *de novo* those portions of the Report to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error . . . in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when

no objections have been made).

I may grant habeas relief for claims a state court reviewed on the merits only if the state court's decision: (1) "was contrary to, or involved an unreasonably application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(1)-(2). The "clearly established Federal law" governing Petitioner's ineffectiveness claims is set out in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, I must decide whether the PCRA court's application of Strickland was "objectively unreasonable." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006); 18 U.S.C. § 2254(d)(1). Petitioner must show that the PCRA court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011); Pinholster, 131 S. Ct. at 1398 (a state-court decision must "be given the benefit of the doubt").

To make out ineffective assistance of counsel, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 688. Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). If I conclude that counsel's strategy was not unreasonable, I need not address prejudice. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008). I must conduct an evidentiary hearing "unless the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief." Id. at 195 (internal quotation marks

omitted).

## III.   OBJECTIONS

Petitioner first objects to Judge Reuter's conclusion that regardless of whether Petitioner procedurally defaulted his ineffectiveness claim respecting the failure to appeal, the claim lacks merit. (Doc. No. 19.); see Commonwealth v. Miller, No. CP-39-CR-4344-2010 (not addressing trial counsel's failure to appeal; although raised in the PCRA Petition, "it was not raised during the PCRA hearing.").

Assuming, *arguendo*, that the claim is not procedurally defaulted, I agree with Judge Reuter it is meritless. Counsel only acts unreasonably if he or she "fail[s] to follow the defendant's *express* instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) (emphasis added). At the conclusion of his sentencing hearing, Petitioner "indicated on the record that he did not wish to appeal." Commonwealth v. Miller, No. CP-39-CR-4344-2010, slip op. at 2. Petitioner now suggests that his trial counsel should have asked Petitioner whether he had changed his mind at some unspecified date after sentencing. (See Doc. No. 19 at 3-4.) Yet, Petitioner does not even allege when he decided he wanted to appeal, whether he ever tried to so inform counsel, or the issue he wished to raise on appeal. In these circumstances, trial counsel did not act unreasonably. Roe, 528 U.S. at 478; see Strickland, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.").

Petitioner also objects to Judge Reuter's refusal to conclude that trial counsel ineffectively failed to cross examine Commonwealth expert witness Dr. Van Brakel. The PCRA court concluded that counsel acted strategically. After completing an interview with

the victim about the sexual assault, Dr. Van Brakel completed a sex-abuse victim evaluation form incorrectly listing another person's name as the perpetrator. (Doc. No. 15 at 14-15.) Dr. Van Brakel noticed the clerical error, however, and fixed the original form, but not until he had already mailed copies of the uncorrected form to the prosecution and trial counsel. Petitioner conclusorily asserts that if trial counsel had cross examined Dr.Van Brakel about this clerical error, he would not have been convicted. (Doc. No. 19 at 5.)

I agree with Judge Reuter that the PCRA court's decision was not unreasonable. See Strickland, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."). As the PCRA court observed, "[Petitioner's] attorney was aware of the mistake and discussed it with both the [Petitioner] and the Commonwealth. Following careful consideration, [Petitioner's] attorney chose not to pursue this line of questioning . . . In fact, at trial, the defense strategy was that the [Petitioner] was enticed by the victim." See Commonwealth v. Miller, No. CP-39-CR-4344-2010, slip op. at 7-8 (C.P. Lehigh, Jan. 31, 2014). Petitioner even testified that the victim enticed him to commit the sexual assault. Id. Counsel was thus not ineffective for failing to cross-examine Dr. Van Brakel on a clerical error that would have contradicted Petitioner's defense.

To the extent Defendant otherwise objects to Judge Reuter's conclusions respecting PCRA counsel's ineffectiveness for: 1) allowing testimony via telephone at the PCRA hearing; or 2) not recovering exculpatory video evidence, he may not now raise those claims. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising

under section 2254.")

Accordingly, I will overrule Petitioner's Objections.

## IV.     CONCLUSION

**AND NOW**, this 29th day of March, 2016, upon consideration of the pleadings and record herein, and after careful review of Judge Reuters's Report and Recommendation (Doc. No. 15) and all related filings, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation (Doc. No. 19) are **OVERRULED**;

2. Judge Reuter's Report and Recommendation (Doc. No. 15) is **APPROVED** and **ADOPTED**;

3. There are no grounds to issue a certificate of appealability; and

4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.